Sean J. Riddell   OSB#013943/ WSA#50302
sean.riddell@ live.com
Attorney At Law
1300 SE Stark St. Suite 208
Portland, OR 97214
971-219-8453
Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON


| | |
|---|---|
| JODY PETERSEN,<br><br>    Plaintiff,<br>  vs.<br><br>BRAD GILLASPIE, an individual; and<br>BRENT MURRAY, an individual.<br><br>    Defendants. | Case No. 3:16-CV-5820<br><br>COMPLAINT<br><br>Violations of the Civil Rights Act 42 U.S.C. §<br>1983 Malicious Prosecution<br><br>$500,000.00 or an amount to be proven at trial.<br><br>Jury Trial Demanded |


## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorney, Sean J. Riddell, bring this Complaint herein and

state and allege as follows:

///

///

///

Sean J. Riddell
Attorney at Law
1300 SE Stark St. Suite 208
Portland OR, 97214
971/219-8453

1 COMPLAINT – JURY TRIAL DEMAND

## INTRODUCTION

1.

Jurisdiction is proper in the United States District Court for Western Washington pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3) and (4), et. seq.

2.

The Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. §1367(a).

3.

Venue is proper under 28 U.S.C. §1391(b), in that one or more of the Defendants reside in the District of Washington and Plaintiff's claims arose in this District.

## PARTIES

4.

At all material times Plaintiff, JODY PETERSEN ("Plaintiff" or "Plaintiff Petersen"), was a resident of Washington.

5.

At all material times Sergeant Brad Gillaspie ("Defendant Gillaspie") worked for the Woodland Police Department, served as the interim Chief of Police for the City of Woodland, was a final policy maker when serving as the interim Chief of Police for the City of Woodland and is sued in his individual capacity.

6.

Officer Brent Murray ("Defendant Murray") was at all times a police officer working for the Woodland Police Department, City of Woodland and is sued in his individual capacity.

Sean J. Riddell
Attorney at Law
1300 SE Stark St. Suite 208
Portland OR, 97214
971/219-8453

2  COMPLAINT – JURY TRIAL DEMAND

7.

All defendants have acted under color of state law at all times relevant to this complaint.

**GENERAL ALLEGATIONS**

8.

Plaintiff served as a Police Officer with the City of North Plains, Oregon. Prior to her employment with the North Plains Police Department, she was a police officer for Hillsboro Police Department in Oregon for three years and the Police Department in Cincinnati, Ohio for 9 years.

9.

Plaintiff and, her soon to be former husband, Steven Petersen were married for approximately 10 years. They relocated from Cincinnati to Oregon City for a few months and ultimately settled into a marital home in Woodland, Washington.

10.

While living in Oregon, Plaintiff Petersen learned that, Steve Petersen's father sexually abused Plaintiff's youngest daughter, as well as secretly filmed Plaintiff in various stages of undress.

11.

After moving out of Steve Petersen's parents' home in Oregon, Plaintiff and Steve Petersen moved to Woodland, Washington.

12.

While living in Woodland, Washington Steve Petersen became friends with Defendant Gillaspie and Defendant Murray.

Sean J. Riddell
Attorney at Law
1300 SE Stark St. Suite 208
Portland OR, 97214
971/219-8453

3   COMPLAINT – JURY TRIAL DEMAND

13.

After and during the criminal trial related to elder Petersen's criminal activity, Plaintiff Petersen and Steve Petersen decided to terminate their marriage. The couple agreed to divorce but still remained living together at the Woodland residence.

14.

According to Defendant Gillaspie's written statement dated October 9, 2014, Defendant Gillaspie and Steven Petersen became friends in October of 2011. Defendant Gillaspie became aware soon after meeting the Petersen's that their minor daughter was molested by Steven Petersen's father and Plaintiff was also victim of Steven Petersen's criminal behavior.

15.

In April of 2014, Steve Petersen began to confide in Defendant Gillaspie the details of his marriage with Plaintiff. Defendant Gillaspie would frequently text Steve Petersen and express concern for his well-being. Defendant Gillaspie would also text Steve Petersen words of encouragement, invite Steven Petersen to his home for dinner or to commiserate. During this period, Defendant Gillaspie and Steve Petersen became close friends. Steve Petersen and Defendant Gillaspie would frequently text each other derogatory comments about Plaintiff and, there is sufficient information and belief to allege, that they would text each other pornographic images.

16.

On or about September 25, 2014, Plaintiff returned home from work to find her two minor children unattended. Plaintiff determined that Steve Petersen left the children unattended, while he left to consume alcohol at a neighbor's residence. Plaintiff called the Woodland Police

Sean J. Riddell
Attorney at Law
1300 SE Stark St. Suite 208
Portland OR, 97214
971/219-8453

4   COMPLAINT – JURY TRIAL DEMAND

Department and reported Steve Petersen's abandonment of their minor children. There is sufficient information and belief to allege, that the Woodland Police Department did not investigate Plaintiff's complaint. Soon thereafter, Plaintiff petitioned for a protection order enjoining Steven Petersen from contacting her or the children. Defendant Gillaspie allowed Steven Petersen to reside at his home after Steven Petersen was served with the protection order. Defendant Gillaspie stated in his October 9, 2014 statement that, "he had issues with the protective order."

17.

In response to a public records request, the City of Woodland provided a series of text messages between Steven Petersen and Defendant Gillaspie starting on or about July 31, 2014 to October 9, 2014. During the text message exchange Defendant Gillaspie coaches Steve Petersen on how to manipulate the criminal justice system to his advantage, informs Steve Petersen how he will call Plaintiff's employer on Steven Petersen's behalf, reaffirms his friendship with Steve Petersen and, there is sufficient information and belief to allege, exchange pornographic material. The content of the text messages include, but are not exclusive to:

October 3, 2014:
*Defendant Gillaspie to Steve Petersen*
*"Have him make a police report. She needs to go to jail."*

Steven Petersen to Defendant Gillaspie
"Will she lose her job???"

*Defendant Gillaspie to Steve Petersen*
*"Maybe. But at this point I think it's time to step up to bat."*

Steve Petersen to Defendant Gillaspie
"Would be hard for her to justify going after you for more money because she got arrested"

Sean J. Riddell<br>
Attorney at Law<br>
1300 SE Stark St. Suite 208<br>
Portland OR, 97214<br>
971/219-8453

October 5, 2014
Steve Petersen to Defendant Gillaspie
"Just made it back!!!! Had fun you guys!!! Thanks for being my friends!!!"

*Defendant Gillaspie to Steve Petersen*
*"Ur part of the fam bam."*

Steve Petersen to Defendant Gillaspie
"Love you guys!!!!"

October 8, 2014
Steven Petersen to Defendant Gillaspie
"Any updates???"

*Defendant Gillaspie to Steve Petersen*
*"Called her chief and talked to him for almost 30 minutes"*

Steven Petersen to Defendant Gillaspie
"Give me a call when you get a chance…"

*Defendant Gillaspie to Steve Petersen*
*"Now"*

October 2, 2014
Steven Petersen to Defendant Gillaspie
"Hey Buddy!!! Let me know when a good time is to finish our conversation from last night…."

18.

On or about October 8, 2014 Defendant Murray started an investigation of Plaintiff based upon the Sgt. Gillaspie's complaints. There is sufficient information and belief to allege that Defendant Gillaspie began the investigation to negatively impact Plaintiff's employment with the North Plain's Police Department, and/or provide Steven Petersen with an advantage during the custody dispute between Plaintiff and Steve Petersen.

///

///

Sean J. Riddell
Attorney at Law
1300 SE Stark St. Suite 208
Portland OR, 97214
971/219-8453

6  COMPLAINT – JURY TRIAL DEMAND

19.

Defendant Murray's only focused on Plaintiff and did not address alleged crimes by Mr. Petersen. Defendant Murray, Defendant Gillaspie and the City of Woodland never investigated any of Plaintiff's criminal allegations of Steven Petersen. Steven Petersen was deemed credible from the beginning because of his relationship with Defendant Gillaspie.

20.

The is sufficient information and belief to allege that during the investigation, Woodland Police Chief Bill Mahoney communicated in writing to Defendant Murray and instructed him, in relevant part, "When you talk with Steve Petersen, please tell him that I am strenuously (sic) requesting that he not call or contact any WPD personnel, or their families . . . he potentially places our personnel in a very bad ethical situation and the consequences for our people could be bad. Let me know if you deliver that message and what his response is."

21.

There is sufficient information and belief to allege that during the investigation of the Plaintiff the Woodland Police Chief Bill Mahoney sent an email to all Woodland Officers, Clerks, Sergeants and Reserve Officers instructing all non-necessary personnel to "stay out of" the investigation related to Plaintiff.

22.

There is sufficient information and belief to allege that the Woodland Police Department investigated Defendant Gillaspie for violating the Woodland Police Chief's order to "stay out of" the investigation related to the Plaintiff. At least two employees of the Woodland Police

Sean J. Riddell
Attorney at Law
1300 SE Stark St. Suite 208
Portland OR, 97214
971/219-8453

7  COMPLAINT – JURY TRIAL DEMAND

Department were instructed to provide statements about Defendant Gillaspie's involvement in the investigation of Plaintiff.

23.

There is sufficient information and belief to allege that on some date before January 20, 2015 Defendant Murray forwarded his investigation of Plaintiff to the Woodland City Prosecutor Fred Johnson recommending several criminal charges.

24.

On or about January 20, 2015 the Woodland City Prosecutor's Fred Johnson declined to charge Plaintiff with any crimes and stated that there was insufficient evidence to prove the crimes recommended by Defendant Murray.

25.

On some date after January 20, 2015 Steven Petersen contacted Defendant Murray via electronic mail and requested an update on the status of the investigation. Defendant Murray responded, informed Steve Petersen that Plaintiff would not be charged, forwarded a link to an Oregonian article announcing the City Attorney's decision, and stating "This article was close to being accurate and the comments are good."

26.

The comments Defendant Murray described as "good" include:

*"I don't think that a person who has anger control problems should be a police officer."*

*"she accidentally spilled bleach on her husband's uniform" Is that like the wife with the black eye falling into the doorknob?*

///

///

Sean J. Riddell
Attorney at Law
1300 SE Stark St. Suite 208
Portland OR, 97214
971/219-8453

8  COMPLAINT – JURY TRIAL DEMAND

## MALICIOUS PROSECUTION
### Civil Rights Action 42 U.S.C. § 1983 Malicious Prosecution

27.

Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by reference.

28.

Defendants Gillaspie and Murray intentional and maliciously instituted a legal action and/or criminal investigation against Plaintiff without probable cause.

29.

The prosecuting attorney denied to prosecute the criminal charges forwarded by Defendant Gillaspie and Defendant Murray, resulting in the termination of charges in Plaintiff's favor.

30.

Defendants acted with reckless disregard of the law and of the legal rights of Plaintiffs in causing a criminal proceeding to begin.

31.

Plaintiff was subjected to humiliation, fear, pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

32.

Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

///

///

Sean J. Riddell
Attorney at Law
1300 SE Stark St. Suite 208
Portland OR, 97214
971/219-8453

9  COMPLAINT – JURY TRIAL DEMAND

33.

WHEREFORE Plaintiff prays for judgment:

1. Against Defendants Gillaspie and Murray for a violations of the Constitution in the unconstitutional investigation of Jody Petersen.

2. An award on monetary damages in the amount of $500,000.00 or an amount to be proven at trial.

3. Attorney fees

4. Costs, disbursement and other relief as is just.


Dated this September 25, 2016.

Respectfully submitted,


/s/ Sean J. Riddell

Sean J. Riddell
Attorney for Plaintiff


Sean J. Riddell
Attorney at Law
1300 SE Stark St. Suite 208
Portland OR, 97214
971/219-8453

COMPLAINT – JURY TRIAL DEMAND