HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JODY PETERSEN, | CASE NO. C16-5820RBL |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY DISCOVERY |
| v. | |
| BRAD GILLASPIE, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Defendant Gillaspie and Defendant Murray's Motion to Stay Discovery [Dkt. # 29] pending the resolution of their motion for summary judgment on qualified immunity. Defendants also ask the Court to stay discovery on Defendant City of Woodland and its mayor, Defendant Laseke, arguing that if there is no liability on the part of the officers, there can be no *Monell* liability.

Plaintiff Peterson's opposition to the motion is based largely on the fact that a motion for summary judgment has not been filed. That is no longer true. Gellaspie and Murray have since filed such a Motion, noted for May 19 [Dkt. #35]. The Motion to Stay Discovery on the officers is GRANTED, and any discovery to them (including outstanding discovery) is STAYED pending the Court's resolution of the qualified immunity issue.

A two-part test resolves claims of qualified immunity by determining whether plaintiffs have alleged facts that "make out a violation of a constitutional right," and if so, whether the "right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 553 U.S. 223, 232 (2009). It is possible that an officer is entitled to qualified immunity even if he did violate the plaintiff's rights.

To set forth a claim against a municipality under § 1983, a plaintiff must show that the defendant's employees or agents acted pursuant to an official custom, pattern, or policy that violates the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91, 98 S. Ct. 2018 (1978); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646–47 (9th Cir. 1991). A municipality may be liable for a "policy of inaction" where "such inaction amounts to a failure to protect constitutional rights." *Lee v. City of Los Angeles*, 250 F.3d 668, 682 (9th Cir. 2000) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Municipal liability for inaction attaches only where the policy amounts to "deliberate indifference." *Id.* The custom or policy of inaction, however, "must be the result of a conscious or deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* (citations and internal punctuation omitted). Thus, to impose liability on a local government entity for failing to act to preserve constitutional rights, a § 1983 plaintiff must allege that: (1) a municipality or its employee deprived plaintiff of a constitutional right; (2) the municipality has customs or policies that amount to deliberate indifference; and (3) those customs or policies were the "moving force" behind the constitutional right violation. *Id.* at 681–82.

A municipality is not liable simply because it employs a tortfeasor. *See Monell*, 436 U.S. at 691. A municipality may not be held liable for the torts of its employees unless they were acting pursuant to an official policy or longstanding custom or practice. *See Botello v. Gammich*, 413 F.3d 971, 978–79 (9th Cir. 2005) (citing *Monell*, 436 U.S. at 691; *Bd. of Cty. Cmm'rs v.*

Defendants' claim that the City cannot face *Monell* liability if the officers are qualifiedly immune is not necessarily correct; if they are immune because the violation was not so clear that a reasonable officer would know he was violating the plaintiff's rights, the City could nevertheless be liable under *Monell* if and to the extent it caused the violation. The Motion to stay discovery to the City and the Mayor is DENIED.

IT IS SO ORDERED.

Dated this 4th day of May, 2017.

Ronald B. Leighton
United States District Judge