| | |
|---|---|
| HONORABLE RONALD B. LEIGHTON | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JODY PETERSEN,<br><br>                Plaintiff,<br><br>   v.<br><br>BRAD GILLASPIE,<br><br>               Defendant. | CASE NO. C16-5820 RBL<br><br>ORDER ON SECOND MOTION FOR SUMMARY JUDGMENT |

THIS MATTER is before the Court on Defendant Gillaspie's second Motion for Summary Judgment on the Merits [Dkt. # 67] His first Motion was DENIED a year ago. The Court's 28 page Order [Dkt. # 53] was intended to thoroughly address the salacious details of this unusual and unpleasant story, and the law applicable to Plaintiff Petersen's various claims—including drawing all inferences in her favor on a motion for judgment as a matter of law. Gillaspie's Motion for Reconsideration was DENIED [Dkt. # 56]. Shortly thereafter, the parties stipulated to Petersen's filing a Third Amended Complaint, and Gillaspie has since deposed Petersen.

Gillaspie has now filed another comprehensive Motion for Summary Judgment, purportedly based on Petersen's new allegations and new testimony. The gist of his argument is that Petersen cannot successfully paint him as a state actor, and her evidence is lacking.

Despite Gillaspie's effort—his arguments and filings are again well-crafted and it remains clear that the defense strongly believes Petersen's claims have no merit—this is essentially another motion for reconsideration of the Court's prior Order. Gillaspie continues to emphasize that he *was required* to (eventually, and conveniently) report Petersen's "domestic violence" solely because he is a police officer bound by the OIDV policy. He even provides expert testimony[1] [Dkt. # 69] explaining the importance of such a policy, and that opinion may well be persuasive at trial.

But for now it underscores what has been clear to the Court from the start: a reasonable jury could find that Gillaspie acted as a police officer—a state actor—when he did all of the things former officer Petersen claims he did, and he did them for other, less honorable reasons. The allegations in Petersen's operative complaint are not as graphic as they were, and the new (even more graphic) allegations in her Response may not be relevant to her claims. However, the evidence as a whole has not materially changed.

There are problems with Petersen's case, and the defense has explanations and evidence that might ultimately be persuasive; it may well obtain a defense verdict. But this was not and is not a summary judgment case.

---

[1] One example of the factual disputes: Petersen's taking and destruction of the pilot's uniform "had to be investigated" because it could constitute "burglary," but the neighbor's taking of Petersen's riding lawnmower at Steve's direction did *not* have to be investigated because it was "clearly" a civil matter. That distinction is not persuasive.

The Motion for Summary Judgment on the Merits is DENIED.

IT IS SO ORDERED.

Dated this 29th day of August, 2018.

Ronald B. Leighton
United States District Judge